WILLIAM A. COIT, RESPONDENT, *v.* EMILY L. GREY AND OTHERS, APPELLANTS.

*Action to establish title to real estate, to remove a cloud upon the title — when it can be maintained.*

APPEAL from a judgment in favor of the plaintiff, entered on a trial had at a Special Term.

The court at General Term said : "As this case is now presented the simple point to be determined is, whether the action was properly sustained to ascertain and declare the plaintiff's title to certain real estate in his possession. The property was owned by his wife, with whom he intermarried in 1827. At the time of her decease she left a will in form devising this property in trust during his life for the benefit of her sons, daughters and granddaughters.

As issue of the marriage were born alive he became entitled to a life estate in this property as tenant by the curtesy. (*Hatfield* v. *Sneden,* 54 N. Y., 280.) This devise in trust during his life was plainly in conflict with his life estate and must therefore yield to his paramount right. But the facts necessary for the justification

of such an adjudication do not all appear upon the face of the will. Some of them are required to be shown by extrinsic evidence. The devise, therefore, became a cloud upon his title which he was authorized to maintain an action to remove. (*Marsh* v. *Brooklyn*, 59 N. Y., 280; *Keteltas* v. *Keteltas*, 72 id., 312.) Evidence showing a record title in the testatrix at the time of her decease would render the trust declared by her in this clause of her will, in form at least, a perfectly legal devise. That creates a cloud upon the plaintiff's title as life tenant, and the rule prevailing in equity is that an action will be entertained to set aside a deed or instrument although it may be void at law, provided it purports to affect real estate, and will cast a cloud upon it. And when the preceding conveyances, in connection with the instrument, will enable the party to make out a *prima facie* title under it, a cloud is created. (*Ward* v. *Dewey*, 16 N. Y., 519, 526, 527, 528, 529, 530.) This will is an instrument of that nature which it was within the jurisdiction of this court to declare inoperative so far as it in terms devise 1 in trust the plaintiff's life estate."

*William N. Dykman*, for the appellants.

*N. Cothren*, for the respondent.

Opinion by DANIELS, J.

BRADY, J., concurred; DAVIS, P. J., concurred except as to the costs of the appeal.

Judgment affirmed, without costs.